

**ORDERED in the Southern District of Florida on September 16, 2013.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

**In re:**
**SECUNDINO DIAZ**                                      Case No. 13-15090-RAM
**GLORIA DIAZ**                                         Chapter 13
               **Debtor**
_____/

**AGREED ORDER GRANTING THE MOTION TO VALUE AND**
**DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY**
**HELD BY BANK OF AMERICA, DE #32**

THIS CASE came to be heard upon the Debtors' *Motion to Value and Determine Secured Status of Lien on Real Property held by Bank of America* (Docket Entry #32). Based upon the agreement of the parties, having considered the record in this case and being duly advised in the premises, the Court finds as follows:

1.   The value of the debtor's real property (the "Real Property") located at 14965 SW 300 Terrace, Homestead, Florida 33033 and more particularly described as:

> **Legal Description: LOT 14, IN THE BLK 19 OF PALMLAND HOMES SOUTH NO. SIX, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 90, PAGE 67, OF THE PUBLIC RECORDS OF DADE COUNTY, FLORIDA**

    is $72,000.00 at the time of filing.

2. The total of all claims secured by liens on the Real Property senior to the lien of BANK OF AMERICA (The "Lender") is $0.00.

3. The equity remaining in the Real Property after payment of all claims secured by the liens senior to the lien of the Lender is $72,000.00 and the Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $72,000.00.

3. Because Lender's secured interest in the Real Property is $72,000.00, Lender's mortgage recorded on May 17, 2007 at Book 25629 Pages 4366-4386 (21 pages) in the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon termination of the terms of this order.  If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

4. Lender has filed a proof of claim in this case (Claim # 6).  The parties agree it shall be classified as a secured claim in the amount of $72,000.00 and as an unsecured claim for any deficiency, regardless of the original classification.

5. The Secured Creditor has an allowed secured claim in the amount of $72,000.00. The interest rate shall be fixed at 5.25%.  The secured claim shall be paid over ten (10) years.  Payments for months 1 through 60 will be made through Debtors' confirmed plan.  Debtor will pay Secured Creditor directly thereafter

6. The Debtors are paying through the Chapter 13 Plan on the Lender's secured claim principal and interest payments in the amount of $772.50 at 5.25% interest over five

(5) years. Additionally, the Debtor's will include payment towards the ongoing taxes and insurance in its monthly Plan payment.

7. Once the Debtors' plan is completed, the remaining balance of the Lender's secured claim is to be paid by continuing payments an additional five (5) years as described in paragraph four (4) above for a total payment of $92,700.03 (exclusive of its escrow payment) to the Lender.

8. The loan secured by the Mortgage on the Real Property shall remain an escrowed loan. All future payments made by the Debtor shall include the escrow portion of payment in addition to the principal and interest amount and the Creditor is authorized to communicate with the Debtor as to the escrowed amount and how such amount was calculated. Likewise, the Creditor is authorized to communicate with the Debtor in regards to the amount of ongoing monthly payments including the escrow component and any changes in the amounts of these payments.

9. The Debtor's Chapter 13 Plan shall provide for the ongoing escrow status of the loan at issue. Presently, the escrow component of each monthly payment is in the amount of $419.36, however, that amount is subject to change based on changes in taxes and insurance.

10. The secured claim shall be deemed long term debt within the meaning of Section 1322(b)(5) and shall be non-dischargeable under Section 1328(a). However, upon payment in full of the secured claim described in paragraph 2, the loan will be deemed satisfied per the terms of this order.

11. Further, Creditor shall retain its lien until the entire secured claim has been paid in full.

12. While the case is pending, the Real Property may not be sold or refinanced without proper notice and further order of the Court.

13. This order shall be deemed null and void should this case be converted, dismissed or should the Debtors' fail to receive a discharge under 11 USC § 1328(a).

14. Notwithstanding the foregoing, this Order is not recordable or enforceable and the full amount of Lender's lien will remain in tact until the Debtors have completed all payments due under the terms of this Order and the terms of this Order are fully complied with.

15. Other than as amended by the terms of this order, the terms of the mortgage instrument described in Claim #6 shall remain in force. Nothing in the parties agreement or this Order shall be deemed to work a Novation

Submitted By:

RICARDO R. CORONA, ESQ.
Florida Bar No. 111333
3899 NW 7 Street, Suite 202-B
Miami, FL 33126
(305) 266-1150 Phone

Attorney for debtor is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.